UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

RAFAEL CEARA,

                          Plaintiff,

                                                                         Case # 13-CV-6673-FPG

v.

                                                                         DECISION & ORDER

SERGEANT GILBOY,

                          Defendant.
───────────────────────────────

At the time relevant for this Order, Plaintiff Rafael Ceara was an inmate at Elmira Correctional Facility ("Elmira") in Elmira, New York. He brings this action *pro se* under 42 U.S.C. § 1983 for money damages against a corrections official at Elmira, Sergeant Gilboy. ECF No. 1 at 1. Before the Court is a motion to dismiss filed by Gilboy. ECF No. 13.

## **BACKGROUND**[1]

As a general matter, Ceara suffers from an injured left knee. Accordingly, during a period of his incarceration at Elmira, he used a cane to assist with walking. ECF No. 1 at 10. He also attended physical therapy twice a week at Five Points Correctional Facility ("Five Points"), which is a correctional facility that neighbors Elmira. *Id.*

The incident giving rise to the Complaint occurred on December 31, 2010. *Id.* at 5. On that date, Sergeant Gilboy and other Elmira officials were transporting Ceara to Five Points for one of his biweekly physical therapy sessions. *Id.* at 5. Prior to Ceara walking out to the transport van, officials shackled his wrists and ankles, and Sergeant Gilboy took away his cane. *Id.* at 5, 11. After Sergeant Gilboy took his cane, Ceara allegedly "took two steps" before his knee "gave in and buckled" and he fell. *Id.* at 11. Officials helped him to his feet, placed him in

---

[1]     The following facts are drawn from the Complaint and materials attached to it.

a wheelchair, and took him to the infirmary. *Id.* at 13. As a result of the fall, Ceara allegedly sustained cuts and a sprain to his left wrist. *Id.* at 11. He also alleges that because he was unable able to hold his cane with his left hand for a while after the injury, his back became strained. *Id.*

Ceara asserts that by taking his cane prior to walking out to the transport van, Gilboy deprived him of a property right without due process of law.[2] *Id.* at 5–6. Gilboy has moved to dismiss this due process claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 13.

## **DISCUSSION**

In reviewing a motion to dismiss under Rule 12(b)(6), the Court must accept the factual allegations in the Complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Nechis v. Oxford Health Plans, Inc.,* 421 F.3d 96, 100 (2d Cir. 2005). It need not accept as true, however, allegations that are conclusory, that is, bare, unadorned allegations that lack specificity. *Ashcroft v. Iqbal,* 556 U.S. 662, 680 (2009). To survive a motion to dismiss, "a complaint must contain sufficient factual matter . . . 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). In other words, the factual allegations must permit the Court "to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

Because Ceara is proceeding *pro se,* the Court must "construe [the] complaint liberally and interpret it to raise the strongest arguments that it suggests." *Chavis v. Chappius,* 618 F.3d 162, 170 (2d Cir. 2010) (citation and internal quotations omitted).

---

[2]   Ceara has also asserted an Eighth Amendment claim against Gilboy as well as one or more state-law claims. ECF No. 1 at 6. Gilboy has not moved to dismiss those claims, and thus they are not addressed here.

Ceara brings his claim under 42 U.S.C. § 1983.  Section 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws."  42 U.S.C. § 1983.  In other words, to recover under this section, a plaintiff must show a violation of a federal constitutional or statutory right.

Ceara is asserting that Gilboy violated his due process rights under the Fourteenth Amendment of the United States Constitution.  The relevant section of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law[.]"  U.S. Const. amend. XIV § 1.

Importantly, not all state deprivations of life, liberty, or property require the state to provide due process.  *Ingraham v. Wright*, 430 U.S. 651, 672 (1977) ("The range of interests protected by procedural due process is not infinite.") (internal quotations, alterations, and citations omitted).  In particular, the requirements of due process do not apply when the property interest involved is *de minimis*.  *Goss v. Lopez*, 419 U.S. 565, 576 (1975).

In an unpublished decision, *Zigmund v. Solnit*, 199 F.3d 1325 (2d Cir. 1999), the Second Circuit shed light on property interests that are *de minimis*.  In *Zigmund*, state officials took away six pairs of sneakers with shoelaces from a civilly-committed patient.  *Zigmund*, 199 F.3d 1325 at *1.  The officials put the six pairs of sneakers in storage—three pairs of which the patient recovered a few years later—and gave the patient a pair of sneakers with Velcro straps.  *Id.*  The patient asserted a claim against the state officials for depriving him of his property without due process of law.  *Id.*  The Second Circuit held that because the "plaintiff was deprived only of his *possessory* interest in his sneakers with laces"—that is, officials simply took the sneakers out of the plaintiff's possession and put them in storage as opposed to destroying them or taking them permanently—and because the plaintiff "was provided with state-issued sneakers with [V]elcro

straps as a substitute," the deprivation was *de minimis*. *Id.* at 2 (emphasis in original).; *see also Malik v. City of New York*, No. 11 CIV. 6062 PAC FM, 2012 WL 3345317, at *11 (S.D.N.Y. Aug. 15, 2012), *report and recommendation adopted*, No. 11 CIV. 6062 PAC FM, 2012 WL 4475156 (S.D.N.Y. Sept. 28, 2012) (holding that prisoner's property interest in shoes was *de minimis* because he was only deprived of a possessory interest and was provided with substitute shoes).

Ceara's due process claim is sufficiently analogous to the claim in *Zigmund* to warrant dismissal here. In sum, Ceara has alleged that Sergeant Gilboy took his property, a cane, prior to Ceara walking out to a transport van. Ceara then took two steps and fell. Ceara has not at all alleged that he was without his cane for any period of time after the fall; in fact, he specifically notes that he was using the cane (with some difficulty) after the fall. So, in effect, Ceara has alleged that he was deprived of a possessory interest in his cane for as long as it took him to walk two steps. That interest does not approach a property interest of constitutional magnitude; in other words, it is a *de minimis* property interest. Accordingly, Gilboy's motion to dismiss the due process claim is GRANTED.

## **CONCLUSION**

For the reasons above, Sergeant Gilboy's motion to dismiss (ECF No. 13) is GRANTED.

IT IS SO ORDERED.

Dated: September 30, 2016
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court