UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RAFAEL CEARA,

        Plaintiff,

   v.

SERGEANT GILBOY,

        Defendant.
_____

DECISION & ORDER

13-CV-6673G

   On December 27, 2013, *pro se* plaintiff Rafael Ceara ("plaintiff") commenced this action against the defendant pursuant to 42 U.S.C. § 1983, alleging that defendant violated his Eighth Amendment rights during his incarceration at Elmira Correctional Facility. (Docket # 1). Currently pending before this Court is defendant's motion to stay (Docket # 38) and plaintiff's request for an extension of time to respond to defendant's motion (Docket # 42). Also pending is plaintiff's request for appointment of counsel. (Docket # 42).

## MOTIONS TO STAY AND FOR AN EXTENSION

   On November 15, 2017, defendant filed a motion to stay the litigation pending the outcome of an action allegedly involving the same allegations pending before the New York State Court of Claims. (Docket # 38). By letter dated January 23, 2018, defendant informed the Court that a decision had been rendered in that matter, effectively mooting his request for a stay. (Docket # 43). Accordingly, defendant's motion requesting a stay pending the outcome of the other litigation (Docket # 38), and that portion of plaintiff's motion that requests an extension of his time to respond to defendant's motion for a stay (Docket # 42) are now moot.

Defendant's January 23, 2018 letter also requests leave to file a motion for summary judgment based on the decision rendered by the New York State Court of Claims. (Docket # 43). That request is granted and any such motion shall be filed on or before **February 20, 2018**.

## MOTION FOR APPOINTMENT OF COUNSEL

It is well-settled that there is no constitutional right to appointed counsel in civil cases. Although the court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see*, *e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); see also *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider carefully the issue of appointment of counsel because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 58, that the appointment of counsel is not necessary at this time. As stated above, a plaintiff seeking the appointment of counsel must demonstrate a likelihood of success on the merits. *See id*. Plaintiff has not done so at this stage. Moreover the legal issues in this case do not appear to be complex. Nor does plaintiff's case present any special reasons justifying the assignment of counsel. Although plaintiff maintains that legal counsel is necessary to assist him to oppose defendant's motion for a stay (Docket # 42 at 2), as indicated above, that motion is now moot. On this record, plaintiff's request for the appointment of counsel (Docket # 42) is denied without prejudice at this time. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

## CONCLUSION

Defendant's motion to stay (**Docket # 38**) is **DENIED as MOOT**.  Plaintiff's motion seeking an extension of time to respond to defendant's motion and appointment of counsel (**Docket # 42**) is **DENIED in part as MOOT and DENIED in part without prejudice**.

**IT IS SO ORDERED**.

<em>s/Marian W. Payson</em><br>
MARIAN W. PAYSON<br>
United States Magistrate Judge

Dated: Rochester, New York
       January 30, 2018