UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────────────

RAFAEL CEARA,

                              Plaintiff,                        Case # 13-CV-6673-FPG

     v.                                                      DECISION AND ORDER

SERGEANT GILBOY,

                              Defendant.

───────────────────────────────────────

## INTRODUCTION

*Pro se* Plaintiff Rafael Ceara filed this civil rights action asserting claims under 42 U.S.C. § 1983 and alleging that Defendant Sergeant Gilboy maliciously took away his walking cane, which caused him to fall and injure his left wrist. ECF No. 1.[1] Defendant filed a Motion for Summary Judgment (ECF No. 45) wherein he argues that res judicata bars Plaintiff's claims. For the reasons that follow, Defendant's motion is DENIED.

## BACKGROUND

On December 31, 2010, Plaintiff was incarcerated at Elmira Correctional Facility. While walking through the lobby of the front gate, before being transported to his scheduled physical therapy appointment, Plaintiff alleges that Defendant maliciously took away his medically prescribed walking cane while he was shackled. ECF No. 1 at 5-6. Without the cane, Plaintiff's knee "gave in and buckled," which made him fall and injure his left wrist. *Id*. Plaintiff was taken to the infirmary, where he was treated for his injuries, rather than to his physical therapy session.

---

[1] Plaintiff also alleged a due process claim that the Court previously dismissed. *See* ECF No. 21.

*Id*. at 13. Plaintiff claims that Defendant failed to protect him from "an unreasonable risk" of serious harm. *Id*. at 5. He seeks $400,000 in "compensatory and nominal damages." *Id*. at 6.

Before he filed this Complaint, Plaintiff filed an action in the New York State Court of Claims against the State for negligence. ECF No. 45-3, Ex. B. On November 16, 2017, a video trial was held before Judge Catherine C. Schaewe in Binghamton, New York. ECF No. 45-3, Ex. C. On November 27, 2017, the Court of Claims issued a decision in Plaintiff's favor, finding the State liable for his injuries and awarding him $500.00 in compensatory damages. ECF No. 45-2, Ex. D.

In light of the above proceedings, Defendant asserts that res judicata bars Plaintiff's Eighth Amendment claims as asserted in his Complaint. ECF No. 45-4. Defendant argues that Plaintiff has been compensated for his injuries and, therefore, he should not be allowed to re-litigate his claims in federal court. *Id*. Plaintiff argues that the New York Court of Claims did not fully compensate him for his injuries. ECF No. 53 at 4-5. He also argues that the two actions are not the same—though they relate to the "same events," he contends that they are "different claims. . . and [against] different defendants in different capacit[ies]." *Id*. at 6.

## LEGAL STANDARD

Summary judgment is appropriate when the record shows that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in the non-moving party's favor. *See*

*id*. at 255. The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. When the moving party has met this initial responsibility, the non-moving party must come forward with "specific facts showing a genuine issue [of material fact] for trial." Fed. R. Civ. P. 56(e)(2).

## DISCUSSION

### I. Res Judicata

Defendant argues that res judicata bars this action because it concerns the same events and incidents as Plaintiff's Court of Claims action. ECF No. 45-4 at 7. Defendant contends that, because Plaintiff had a full and fair opportunity to litigate his claim in the Court of Claims and he was fully compensated for his injury, he should not be allowed to further pursue his federal claim solely for punitive damages. *Id*. at 8. Plaintiff argues that, while the two actions involve the same incident, this action has "different allegations" and is against a different defendant in his individual capacity—meaning Sergeant Gilboy, rather than the State—for constitutional violations. ECF No. 53 at 5, 13. Plaintiff further disputes that he was fully compensated for all his injuries and asserts that the Court of Claims awarded him damages for "bruising and lacerations" and not the "long-term injury to his hand or wrist." *Id*. at 12, 14.

The doctrine of res judicata provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (applying res judicata to § 1983 action) (citation omitted). Indeed, under the Constitution's Full Faith and Credit Clause, U.S. Const. art. IV, § 1, a federal court must give the same preclusive effect to a state court judgment "as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v.*

3

*Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). Whether the first judgment has preclusive effect on later claims is governed by New York law, which has adopted a transactional approach. *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). The transactional approach "bar[s] a later claim arising out of the same factual grouping as an earlier litigated claim even if the later claim is based on different legal theories or seeks dissimilar or additional relief." *Id*. (citation omitted). "This bar will not apply, however, where 'the initial forum did not have the power to award the full measure of relief sought in the later litigation.'" *Id*. (quoting *Davidson v. Capuano*, 792 F.2d 275, 278 (2d Cir. 1986)) (citation omitted).

Res judicata bars a party from re-litigating a claim if "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000). The New York Court of Claims has jurisdiction over actions brought against state employees in their official capacities, but not over claims brought against state officials in their individual capacities. *See* Court of Claims Act § 9(2). Since the Court of Claims does not have jurisdiction to hear claims against state officials in their individual capacities, courts have held that res judicata does not bar a later suit asserting claims against individuals. *See e.g.*, *Wright v. Coughlin*, No. 85 Civ. 0624, 1987 WL 19633, at *1 (S.D.N.Y. Nov. 5, 1987), *aff'd*, 868 F.2d 1268 (2d Cir. 1988) (finding res judicata inapplicable where "[t]he plaintiff did not and could not have litigated the claim of a civil rights violation against the individual officers in the action against the State of New York"). Due to the restrictive jurisdiction of the Court of Claims, Plaintiff could not have raised these claims against Defendant Gilboy as an individual in the initial forum. Therefore, to the extent that Plaintiff's claims are directed against Defendant in his individual capacity, res judicata does not

4

operate as a bar. *See id.*; *Cox v. C.O. Colgane*, No. 94 CIV. 6361 (DAB), 1998 WL 148424, at *4 (S.D.N.Y. Mar. 27, 1998); *Pack v. Artuz*, 348 F. Supp. 2d 63, 69-70 (S.D.N.Y. 2004).

Defendant nevertheless argues that Plaintiff should not be allowed to pursue his federal claim to recover punitive damages.[2] In support of this argument, Defendant cites *Ramsey v. Busch*, 19 F. Supp. 2d 63 (S.D.N.Y. 2004), and *Livingston v. Goord*, 225 F. Supp. 2d 321 (W.D.N.Y. 2002), *vacated in part on other grounds by* 153 F. App'x 769 (2d Cir. 2005) (summary order). In *Ramsey*, the plaintiff filed a negligence action against the State in the Court of Claims and was ultimately awarded $200 in damages. *Ramsey*, 19 F. Supp. 2d at 78. In the plaintiff's subsequent § 1983 action alleging that defendants violated his constitutional rights, the district court found that res judicata barred his claims. *Id.* at 85. Specifically, the court found that "[t]he objectives of res judicata will not be advanced if the instant action is permitted to proceed to trial solely to determine if punitive damages may be awarded." *Id.* at 87.

Similarly, in *Livingston*, the district court used res judicata and relied on *Ramsey*'s holding to bar the plaintiff's § 1983 action where the Court of Claims previously awarded him $3,000 in compensatory damages. *Livingston*, 225 F. Supp. 2d at 326-27. There, the court stated that, "[h]aving elected that remedy, having had a full and fair opportunity to litigate his claim in that court, and having been fully compensated for his injury, plaintiff should not be allowed to force the state to further defend against essentially the same claims in this Court simply so that plaintiff can attempt to pursue a claim for punitive damages." *Id.* at 327. However, each of these courts

---

[2] While Defendant asserts that Plaintiff should not be permitted to proceed solely to obtain punitive damages, Plaintiff's Complaint does not explicitly state that he seeks punitive damages. ECF No. 1. Indeed, Plaintiff seeks "compensatory damages and nominal damages" against Defendant in his individual capacity (*id.* at 5)—damages that were not available in the Court of Claims proceeding. Moreover, the Court does not conclude that Plaintiff would be permitted double recovery if allowed to proceed here because the Court of Claims previously awarded compensatory damages. To the extent that Plaintiff is or may be seeking punitive damages in this case, "punitive damages are not compensatory and could not cause any double recovery." *Barrington v. New York*, 806 F. Supp. 2d 730, 740 (S.D.N.Y. 2011) (quoting *Ostano Commerzanstalt v. Telewide Sys., Inc.*, 880 F.2d 642, 649 (2d Cir. 1989)) (alterations omitted).

5

found that res judicata precluded the plaintiffs' claims only where the elements of collateral estoppel were satisfied.

In citing these cases in support of his argument, Defendant muddles the doctrines of res judicata and collateral estoppel, without fully addressing the elements of collateral estoppel. Indeed, collateral estoppel appears to be the more appropriate legal theory to be applied in this case. *See, e.g.*, *Cox*, 1998 WL 148424, at *4 (finding that a suit against the state did not have claim preclusive (res judicata) effect on a later suit against officials in their individual capacity, but concluding that issue preclusion (collateral estoppel) applied); *Pack*, 348 F. Supp. 2d at 68-77 (finding that a suit against the state did not trigger res judicata or collateral estoppel in the plaintiff's later federal action against officials in their individual capacities).

## II. Collateral Estoppel

Under New York law, collateral estoppel "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same." *Burgos v. Hopkins*, 14 F.3d 787, 792 (2d Cir. 1994) (citing *Ryan v. New York Tel. Co.*, 62 N.Y.2d 494 (1984)). Collateral estoppel requires that there (1) be an issue that has been decided in a prior action and is decisive of the present action, and (2) has been a full and fair opportunity to contest the decision now said to be controlling. *Id*. (citing *Schwartz v. Pub. Adm'r of Bronx Cnty.*, 24 N.Y.2d 65 (1969).

The burden to demonstrate the identicality and decisiveness of the issues rests upon the party seeking the benefit of collateral estoppel, while the burden to establish the absence of a full and fair opportunity to litigate the issue in the prior action rests on the party contesting its application. *Ryan*, 62 N.Y.2d. at 502. For the prior Court of Claims decision to preclude Plaintiff's

current Eighth Amendment claim, the issues the Court of Claims resolved must have been identical to one or more issues raised here. Defendant has not carried his burden. While the evidence offered in a trial in this matter may be similar to or the same evidence offered in the Court of Claims trial, the standard required to state a negligence claim[3] differs from the standard required to state an Eighth Amendment violation.[4] Moreover, the New York Court of Appeals has identified several factors to consider in determining whether a full and fair opportunity to litigate was present in the initial forum, including:

> the nature of the forum and the importance of the claim in the prior litigation, the incentive and initiative to litigate and the actual extent of litigation, the competence and expertise of counsel, the availability of new evidence, the differences in the applicable law and the foreseeability of future litigation.

*Ryan*, 62 N.Y.2d at 501 (citation omitted). The papers submitted to the Court do not properly put forth an argument that collateral estoppel should apply in this matter. Accordingly, the Court declines to make a sua sponte determination as to whether Plaintiff's claims are collaterally estopped under New York law.

---

[3] As the Court of Claims stated, "for a claimant to prove a cause of action for negligence, he or she must show that the harm suffered was a 'reasonably foreseeable consequence of the State's acts or omissions.'" ECF No. 45-3 at 37 (citing *Melendez v. State*, 283 A.D.2d 729, 725 N.Y.S.2d 113 (N.Y. App. Div. 2001)). The Court of Claims found that Gilboy "was in no way credible" and "disregarded [his] testimony in every regard." *Id*. at 37. Furthermore, it concluded that "[i]t is readily apparent that removing a cane from a shackled person who has a permit (and thus presumably a need for the cane) will result in a fall." *Id*. at 37-38.

[4] "A prisoner injured while in custody may recover for violation of his Eighth Amendment rights [only] if the injury resulted from the defendant prison official's purposeful subjection of the prisoner to a 'substantial risk of serious harm' or from the official's deliberate indifference to that risk." *Fischl v. Armitage*, 128 F.3d 50, 55 (2d Cir. 1997) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Thus, a plaintiff would have to "show something more than mere negligence" with respect to the prison official's subjective intent. *Cuoco v. Moritsugu*, 222 F.3d 99, 106 (2d Cir. 2000) (quotations omitted).

## CONCLUSION

Defendant's Motion for Summary Judgment (ECF No. 45) is DENIED. The Court will issue a separate order directing the parties to appear for a status conference to set a trial date.

IT IS SO ORDERED.

Dated: September 27, 2018
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court