UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RAFAEL CEARA,

              Plaintiff,                                        Case # 13-CV-6673-FPG

      -v-                                                      ORDER

SERGEANT GILBOY,

              Defendant.
_____

*Pro se* Plaintiff Rafael Ceara, a prisoner currently confined in the Fishkill Correctional Facility, filed a civil rights action asserting claims under 42 U.S.C. § 1983 against Defendant Gilboy. ECF No. 1. A jury trial was held in February 2019, and the jury rendered a verdict of no cause of action on February 6, 2019. ECF No. 73. The judgment was entered by the Clerk of Court on February 7, 2019, and a copy was sent to Plaintiff the same day. ECF No. 75.

Currently pending before the Court is Plaintiff's motion, pursuant to Fed. R. App. P. 4(a), for an extension of time to file a notice of appeal. ECF No. 78. Plaintiff has attached the notice of appeal to his motion. ECF No. 78-1.

The Federal Rules of Appellate Procedure provide that a "notice of appeal . . . must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). In this case, Plaintiff's motion papers and notice of appeal are deemed filed on March 6, 2019. *See Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993), *opinion modified on reh'g*, 25 F.3d 81 (2d Cir. 1994) (noting that appeals are commenced by *pro se* prisoner litigants at the time that the notices of appeal are turned over to prison officials.); *Colon v. Astrue*, No. 1:08-CV-219, 2009 WL 466693, at *4 (N.D.N.Y. Feb. 24, 2009) (holding that under "the prisoner mail box

rule," the signature date on the inmate's papers, including a notarized affidavit of service, is the date that the court can presume he handed his papers to prison authorities for processing).

Given that Plaintiff submitted a notice of appeal with his motion within the time limit set forth in Rule 4(a), the Court deems his notice of appeal to have been timely filed. Plaintiff's request for an extension of time is therefore denied as moot.

In his motion, Plaintiff also indicates that he "may make" a motion under Federal Rule of Civil Procedure 60. ECF No. 78 at 2. The Court notes that "docketing of a notice of appeal ousts the district court of jurisdiction except insofar as it is reserved to it explicitly by statute or rule." *Toliver v. Cty. of Sullivan*, 957 F.2d 47, 49 (2d Cir. 1992) (internal quotation marks omitted). Regarding Rule 60 motions, once an appeal has been taken, the district court may still consider the motion and either deny it or, if the court of appeals is first notified and decides to remand the case, grant it. *See id.*; *see also* Fed. R. Civ. P. 62.1(a); Fed. R. App. P. 12.1(a). In any case, the Court need not resolve the jurisdictional question until Plaintiff files for such relief.

Therefore, Plaintiff's motion for an extension of time to file an appeal (ECF No. 78) is DENIED AS MOOT, as Plaintiff's notice of appeal was timely filed. The Clerk of Court is directed to refile Plaintiff's notice of appeal (ECF No. 78-1) as a separate docket entry and to treat such notice as a timely filed notice of appeal.

IT IS SO ORDERED.

Dated: March 26, 2019
        Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court